*McMICKEN vs. BRADFORD & AL.*

Where there is a difference between the description of the land seized and that sold, no title passes under the sale.

APPEAL from the court of the third district, the judge of the eighth presiding.

This action was brought to recover a tract of land in possession of the defendants, of which the plaintiff alledged himself to be the legal owner.

The plaintiff claimed under a sheriff's deed, and it appeared from the evidence, that the land therein conveyed was of a different description from that described in the petition.

There was judgment for the defendants, and the plaintiff appealed.

Eastern District.
.*March*, 1830.

McMicken
*vs.*
Bradford
.& al.

*Watts*, for the appellee.

1st. No property passes at sheriff's sale, except what is ascertained and declared at the time of sale.—*Jackson vs. Striker*, 1 *Johnson's cases*, 284.

2d. Sheriffs cannot sell under a general description—*Jackson vs. Newton*, 18 *T. R.* 355.

3d. In a sheriff's deed, the land must be described with reasonable certainty.—*Jackson vs. Delancy*, 13 *T. R.* 537.

4. Sheriff's return of seizure must contain a definite description of the land levied on, or nothing passes by the sale.—9 *Mass.* 92, 11 *Mass.* 163.

The sheriff, in his return, shall specify the object seized and sold, and the property sold by the sheriff must have been actually seized. *Code of Practice* 701, 2; 2 *Haywood* 66.

*Downs, contra.* The sheriff's sale to the plaintiff was made under the laws in the Code of Practice, art. 690, 695; therefore any defects in the deed cannot affect the validity of the adjudication.—*Hughes vs. Harrison*, 7th *M. n. s.* 227. If the deed is not essential to the sheriff's sale, and the adjudication is good

Eastern District.
*March*, 1830.

McMicken
*vs.*
Bradford
& al.

without it, defects in what is immaterial cannot invalidate what would otherwise be good.

The variance between the deed and the seizure was an accidental error in the sheriff.

Porter J. delivered the opinion of the court. This is a petitionary action, in which the plaintiff must recover on the strength of his own title. He claims under a sheriff's deed, and the description there given of the premises does not embrace the *locus in quo.* Such was the opinion of the jury in the court of the first instance, and we think the evidence fully supports it.

It has been argued that the sheriff seized the land claimed in the petition, and that it was through error that a different description of it was given at the sale and in the deed of conveyance. This may be, but a forced alienation of property, must be in strict pursuance of law ; and seizing one thing, and selling another, does not divest the debtor of that which was seized.

*Where there is a difference between the description of the land seized and that sold, no title passes under the sale.*

This opinion renders it unnecessary to examine the other questions in the cause; and it is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.